**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**KELLY WILLIAMS,**

                **Plaintiff(s),**                **CASE NUMBER: 08-10235
HONORABLE VICTORIA A. ROBERTS**

**v.**

**RELIANCE STANDARD LIFE INSURANCE
COMPANY**,

                **Defendant(s).**
_____/

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Defendant's "Motion and Brief in Support of Defendant's Motion for Summary Judgment." (Doc. #18). Defendant Reliance Standard Life Insurance Company ("Reliance Standard") asks the Court to affirm its denial of Plaintiff Kelly Williams's ("Williams") claim for long-term disability ("LTD") benefits.

Also before the Court is Williams's "Motion and Brief in Support of Summary Disposition." (Doc. #20). Williams says the denial of her claim for LTD benefits was arbitrary and capricious.

Reliance Standard's motion is **GRANTED**; Williams's motion is **DENIED**.

**II.    BACKGROUND**

Quicken Loans hired Williams as a Mortgage Banker in November 2005. Williams became insured under Quicken Loan's group LTD benefits plan, issued by

1

Reliance Standard, on December 1, 2005. This was the "effective date" of her insurance.

In March 2006, Williams stopped working and applied for LTD benefits due to depression. Reliance Standard denied her application in a letter dated June 30, 2006. It concluded Williams was not eligible for LTD benefits because her disability was a pre-existing condition:

> Benefits will not be paid for a Total Disability:
>
> (1) caused by;
> (2) contributed to by; or
> (3) resulting from;
>
> a Pre-existing Condition unless the Insured has been Actively at Work for one (1) full day following the end of 12 consecutive months from the date he/she became an Insured.

A "Pre-existing Condition" means:

> any Sickness or Injury for which the Insured received medical treatment, consultation, care or services, including diagnostic procedures, or took prescribed drugs or medicines, during the 3 months immediately prior to the Insured's effective date of insurance.

Williams appealed on August 15, 2006. The decision was affirmed in a letter dated November 17, 2006.

## III. STANDARD OF REVIEW

"[A] denial of benefits challenged under 29 U.S.C. §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When the plan administrator has the discretionary authority to construe and interpret the

2

benefit plan, the standard of review is "arbitrary and capricious." *Id.* The deferential "arbitrary and capricious" standard requires the Court to uphold the benefit determination if the plan administrator offers a reasoned explanation based on the evidence. *Univ. Hospitals of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000). The Court must do so if the administrator's decision was reasonable, even if the plan is subject to different interpretations. *See Morgan v. SKF USA, Inc.*, 385 F.3d 989, 992 (6th Cir. 2004) ("We must accept a plan administrator's rational interpretation of a plan even in the face of an equally rational interpretation offered by the participants") (citing *Ross v. Pension Plan for Hourly Employees of SKF Indus., Inc.*, 847 F.2d 329, 334 (6th Cir. 1988)). The Court is allowed to consider the fact that the plan administrator is acting under a potential conflict of interest; it is the decision-maker, determining which claims are covered and the payor of those claims. *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 292-93 (6th Cir. 2005).

The parties agree that the arbitrary and capricious standard applies.

## IV. APPLICABLE LAW AND ANALYSIS

The policy at issue did not completely preclude payment of LTD benefits for a disability related to a pre-existing condition, if Williams could show that she worked for 12 consecutive months plus one day from the effective date of her coverage, which was December 1, 2005. Williams could not make that showing; she ceased working in March 2006. Hence, the plan administrator was left to determine if Williams had a pre-existing condition for which she received medical treatment, consultation, care or services, or prescribed drugs or medicines during the three months prior to December 1, 2005.

The administrative record supported a finding of treatment for a pre-existing condition between September 1, 2005 and November 30, 2005. On September 19, 2005, Williams met with Dr. Phillip Fisher to discuss her depression and anxiety. On that same date, Dr. Fisher prescribed Zoloft. Williams filled that prescription on November 5, 2005. Williams stated in her application for LTD benefits, which she submitted on March 22, 2006, that she was totally disabled due to depression. This admission directly linked Williams's current condition to a pre-existing condition and supports the plan administrator's conclusion.

Williams says the pre-existing condition limitation does not apply because doctors clarified that her diagnosis is not depression; it is Bipolar Disorder. She says these are different medical conditions and that she never treated for Bipolar Disorder from September 1, 2005 to November 30, 2005. To support her argument, Williams presents an article by John M. Grohol called "What's the Difference Between Bipolar Disorder and Depression?" She also provides a June 3, 2008 report from Dr. Nabila Farooq ("Dr. Farooq").

The Court will not consider the article or the medical report; neither was before the plan administrator. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 614-15 (6th Cir. 1998); *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990).

Further, Williams's argument ignores the fact that depression is part and parcel of a diagnosis of Bipolar Disorder. Dr. Kevin P. Hayes, board certified in Psychiatry and Neurology, reviewed Williams's claim file for Reliance Standard. Dr. Hayes concluded:

> The claimant has been given conflicting reports about her symptomatology, but the core symptoms appears to be anxiety and depression. Anxiety and depression are common symptoms of either

Unipolar or Bipolar Depression. The treatment providers who have examined the claimant prior to the date of loss appear to have utilized a diagnosis of Unipolar Depression as her condition and this resulted in a diagnosis of Major Depressive Disorder.

Based on the foregoing, Reliance Standard was not arbitrary and capricious in its denial of LTD benefits to Williams.

Even assuming Williams was disabled due to Bipolar Disorder, there is a reasoned explanation for the denial of her claim. According to Dr. Farooq, depression and anxiety are symptoms of Bipolar Disorder. This necessarily means that Williams's Bipolar Disorder was "caused by; contributed to by; or result[ed] from" depression, a pre-existing condition. The LTD benefits plan prohibits the payment of benefits for such claims.

Reliance Standard's decision is affirmed. See *Univ. Hospitals of Cleveland*, 202 F.3d at 846.

**V. CONCLUSION**

The Court **GRANTS** Reliance Standard's motion and **DENIES** Williams's motion.

**IT IS ORDERED**.

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: August 28, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.
> s/Linda Vertriest
> Deputy Clerk

5